NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN WRONKO and COLLENE
WRONKO, Husband and Wife,

    Plaintiffs,

v.

NANCY MARTIN, *et al.*,

    Defendants.

Civ. No. 16-2288

**OPINION**

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion for Attorney's Fees and Costs filed by Defendants Michal Cielesz and Richard Cielesz (collectively, "Cielesz Defendants"). (ECF No. 117.) Plaintiffs Steven Wronko and Collene Wronko (collectively, "Plaintiffs") oppose. (ECF No. 131.) The Court has decided this matter on the written submissions of the parties, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion is granted as to costs but denied as to fees.

## **BACKGROUND**

This case arises from allegations that Defendants—originally twenty-one in all—attempted to prevent Plaintiffs from documenting abuses at the Helmetta Regional Animal Shelter (the "Animal Shelter") and retaliated against Plaintiffs for doing so. (*See generally* Compl., ECF No. 1-2.) Against Cielesz Defendants, the Complaint alleged violations of the U.S. Constitution, the New Jersey Constitution, and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 *et seq.* (*Id.* ¶¶ 80–88.) On February 21, 2019, summary judgment was granted in Cielesz

1

Defendants' favor (Op. & Order, ECF Nos. 109–10), and they now move for attorney's fees and costs (Mot., ECF No. 117).

The Complaint refers to Cielesz Defendants only a few times. It states that Defendant Michal Cielesz was Director of the Animal Shelter and Defendant Richard Cielesz was Assistant Director. (Compl. ¶¶ 18–19.) It claims that they received their jobs through patronage and neglected the animals in their care. (*Id.* ¶¶ 26–27, 31.) It states that Plaintiffs led public protests "to expose the animal abuse" that Cielesz Defendants allegedly perpetrated (*id.* ¶ 43), and it states that Defendant Nancy Martin attempted to prevent Plaintiffs from investigating Cielesz Defendants' actions (*id.* ¶ 65).[1] Finally, the Complaint summarily accuses Cielesz Defendants of adopting and implementing unconstitutional policies. (*Id.* ¶ 101.)

Although the Complaint's allegations that specifically name Cielesz Defendants are scarce, many of the facts in the Complaint center around the Animal Shelter: It was the site of the alleged abuse that gave rise to Plaintiffs' investigation and protesting (*id.* ¶¶ 27–30); it was where Plaintiff Steven Wronko began to record perceived wrongdoing (*id.* ¶ 39); it was the site of protests (*id.* ¶ 43); and it was a specific location that Defendants sought to shield from Plaintiffs' investigations (*id.* ¶¶ 40–41, 60, 64–65).

Plaintiffs filed the Complaint in New Jersey state court on March 24, 2016 (*id.* at 1), and Defendants removed to this Court on April 22, 2016 (Notice Remv'l, ECF No. 1). Cielesz Defendants filed an Answer on July 20, 2016. (ECF No. 5.) On January 25, 2019, Cielesz Defendants moved for summary judgment. (ECF No. 93.) Their Motion argued that "the Complaint does not set out any claim for relief against [Cielesz Defendants, and] discovery has

---

[1] The Complaint also alleges ties between Defendant Richard Cielesz and a Middlesex County Assistant Prosecutor (Compl. ¶ 52), but this assertion is ultimately based on a portion of the Complaint that has been withdrawn (*see id.* ¶¶ 49–51 (referencing the "Martin Email")).

not revealed any facts that would establish a cause of action against [them]." (*Id.* at 2.) In opposing the Motion, Plaintiffs reiterated the facts stated in the Complaint. (Opp'n at 14–15, ECF No. 99.) Plaintiffs' summary judgment briefing also mentioned emails that had been sent to Defendant Michal Cielesz and others about protests surrounding the Animal Shelter and the policy on recording there. (*Id.* at 6–9; Pls.' Summ. J. Ex. A, ECF No. 96-4 (copies of the emails).) It also claimed, without citation, that Cielesz Defendants "operated the . . . Animal Shelter and permitted Defendant Mayor Nancy Martin to expel citizens from its building . . . because it served their purpose to shield their illegal conduct of neglecting the animals in their care." (Opp'n at 19.) The brief stated in summary:

> [Cielesz Defendants] were in charge of the . . . Animal Shelter and it was their conduct that the Plaintiffs were investigating and exposing. . . . The[se] Defendants coordinated with the other [D]efendant[s] to deny Plaintiffs access to this public building and prohibited Plaintiff, Steven Wronko from videotaping the various abuses conducted at this shelter. These actions clearly violate Plaintiffs' constitutional rights . . . .

(*Id.* at 16.) Additional facts about Cielesz Defendants' involvement existed as well, in particular that Defendant Richard Cielesz prevented Plaintiff Steven Wronko from entering a part of the Animal Shelter and told him to leave the Animal Shelter entirely. (*See* Opp'n to Mot. for Atty's Fees at 4–6, ECF No. 131.) These facts were not raised by Plaintiffs during summary judgment. The Court granted summary judgment in full for Cielesz Defendants on February 21, 2019. (Op. & Order.) However, it did not fully grant summary judgment for all other Defendants or for Plaintiffs. (*Id.*)

Cielesz Defendants filed the present Motion for Attorney's Fees and Costs on March 19, 2019. (Mot.) Plaintiffs opposed on April 1, 2019 (ECF No. 131), and Cielesz Defendants replied on April 4, 2019 (ECF No. 132). The Motion is presently before the Court.

3

## **LEGAL STANDARD**

Within fourteen days of the entry of judgment, a party may move for attorney's fees, specifying the legal grounds entitling it to fees and an estimate of the amount sought. Fed. R. Civ. P. 54(d)(2)(A)–(B). The federal courts generally follow the "American Rule" whereby each party bears the cost of its own attorney's fees. *Alyeaska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). However, 42 U.S.C. § 1988(b) permits "the court, in its discretion, [to] allow the prevailing party . . . a reasonable attorney's fee" for actions brought under 42 U.S.C. § 1983 and other statutes. N.J.S.A. § 10:6-2(f) likewise allows fee-shifting in cases brought under N.J.S.A. § 10:6-2(c).

Under these statutes, a prevailing *defendant* is entitled to attorney's fees only if "the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see also Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (applying the *Christiansburg* standard to § 1988 cases); *accord Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 158 n.6 (3d Cir. 2001).[2] It is not necessary that the action was brought in subjective bad faith. *Christiansburg*, 424 U.S. at 421. In making this determination, the district court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or

---

[2] The parties agree that the *Christiansburg* standard applies to New Jersey Civil Rights Act claims under N.J.S.A. § 10:6-2(f). The Court notes, however, that the appropriate standard has not been elucidated by the Supreme Court of New Jersey. *Cole v. Town of Morristown*, 2014 U.S. Dist. LEXIS 105903, at *11 (D.N.J. July 31, 2014) ("[T]here is no case law that applies to pre-vailing defendants under Section (f)."). *But see Hyman v. Melnichenko*, 2017 N.J. Super. Unpub. LEXIS 1623, at *10–12 (N.J. Super. Ct. App. Div. July 5, 2017) (internal citation omitted) (applying the *Christiansburg* standard). For more on the appropriate standard, see generally Jason R. Martucci, Note, *When Should the Victor Receive the Spoils?: Determining the Proper Threshold for Attorney Fee Awards and the Prevailing Plaintiff Standard Under the New Jersey Civil Rights Act's Fee-Shifting Provision*, 30 Seton Hall Legis. J. 163, 168–70, 174–77 (2005) (reviewing legislative history and arguing for the *Christiansburg* standard).

without foundation." *Id.* at 421–22.

Whether a claim is "frivolous, unreasonable, or without foundation" must be determined on a case-by-case basis. *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997) (citing *Sullivan v. Sch. Bd.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). Nevertheless, a district court should consult the following non-exclusive list of factors: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* (citing *Sullivan*, 773 F.2d at 1189). As a general matter, a claim is not frivolous where "some factual basis" for it exists. *Id.* at 755; *see also Sullivan*, 773 F.2d at 1189 (collecting cases and distinguishing between cases where "the plaintiffs did not introduce any evidence to support their claims" and "cases where the plaintiffs introduced evidence sufficient to support their claims").

## DISCUSSION

The Court declines to award attorney's fees to Cielesz Defendants because it finds that Plaintiffs' claims were not "frivolous, unreasonable, or without foundation." *See Christiansburg*, 434 U.S. at 421. As an initial matter, it should be noted that several of Plaintiffs' claims survived summary judgment. While denial of summary judgment does not necessarily preclude a finding of frivolity, *L.B. Foster Co.*, 123 F.3d at 751 n.2 (quoting *Greenberg v. Hilton Int'l Co.*, 870 F.2d 926, 940 (2d Cir. 1989)), here it is persuasive evidence that Plaintiffs' claims on the whole are not frivolous.

The Court must not "engage in post hoc reasoning" but must instead view the case as it would have reasonably appeared to Plaintiffs at the time. *Christiansburg*, 424 U.S. at 421–22. When the Complaint was filed, Plaintiffs clearly had little knowledge of how Cielesz Defendants might have been involved in the violations they alleged. Nevertheless, the case focuses around

5

actions taken at the Animal Shelter and as a result of happenings at the Animal Shelter. It would not have been unreasonable, then, for Plaintiffs to speculate that the Director and Assistant Director of the Animal Shelter were somehow involved in wrongdoing. And given that Plaintiffs believed that many Defendants had conspired to violate their rights, it was not frivolous for them to allege that Cielesz Defendants were privy to the conspiracy.

Given the sparse facts in the Complaint regarding Cielesz Defendants, it is quite possible that the Complaint could have been dismissed for failure to state a claim. But Cielesz Defendants did not file a motion to dismiss. Where, as here, a defendant does not move to dismiss the complaint, it would not be fair to allow that defendant to recoup years of attorney's fees at the end of the case on the grounds that the complaint was frivolous at the outset. *Cf.* Am. Law Inst., Restatement (Second) of Contracts § 350 cmt. b (April 12, 2019 update) ("As a general rule, a party cannot recover damages for loss that he could have avoided by reasonable efforts. . . . Furthermore, he is expected to take such affirmative steps as are appropriate in the circumstances to avoid loss . . . .").

After the Complaint was filed and answered, the parties engaged in discovery. Discovery revealed some evidence, however weak, that tied Cielesz Defendants to the incidents at the heart of this case. Defendant Michal Cielesz received emails regarding the Borough of Helmetta's policy regarding recording in the Animal Shelter. (Pls.' Summ. J. Ex. A.) Defendant Richard Cielesz interacted with Plaintiff Steven Wronko on at least two occasions, and he allegedly worked to prevent him from entering parts of the Animal Shelter. (*See* Opp'n to Mot. for Atty's Fees at 4–6, ECF No. 131.) Why all of these facts were not raised in Plaintiffs' summary judgment briefing is not clear, but these facts show that Plaintiffs had at least "some factual basis" for believing that Cielesz Defendants might be liable. *See L.B. Foster Co.*, 123 F.3d at

755.

Frivolity is a high bar, and a weak case is not necessarily a frivolous one. Here, Cielesz Defendants were granted summary judgment, but Plaintiffs were not wholly without a factual basis for bringing claims against them. Because Plaintiffs' claims were not "frivolous, unreasonable, or without foundation," *see Christiansburg*, 434 U.S. at 421, attorney's fees will not be awarded to Cielesz Defendants.

Leaving aside the question of attorney's fees, there is a "strong presumption" that the prevailing party is entitled to costs. Fed. R. Civ. P. 54(d)(1); *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). Cielesz Defendants claim $607.98 in costs (*see* Time & Expense Details at 61–62, ECF No. 117-3), and the Court finds this total to be reasonable. The Court will therefore award this amount in costs.

## **CONCLUSION**

For the foregoing reasons, Cielesz Defendants' Motion for Attorney's Fees and Costs is granted in part and denied in part. An appropriate Order will follow.

Date:   4/16/19                                           */s/ Anne E. Thompson*  
                                                          ANNE E. THOMPSON, U.S.D.J.